UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-61817-CIV-GRAHAM/GOODMAN

CLAUDIA JIMENEZ and
JOYCE DWYER, individually and on behalf
of all others similarly situated,

    Plaintiffs,

v.

REEDER MEDICAL TESTING, LLC, a
Florida limited liability company,
ROBERT REEDER, INDIVIDUALLY, and
FRANCIS REEDER, individually,

    Defendants.
_____/

## ORDER REQUIRING CLARIFIED DAMAGES AFFIDAVIT

THIS CAUSE is before the Undersigned on the District Court's Order of Reference of Plaintiffs' Motion for Default Final Judgment and Plaintiffs' Motion for Entry of Default Final Judgment. [ECF Nos. 10; 11].

In the default judgment motion, Plaintiff Jimenez states that she is "seeking liquidated damages in the amount of approximately $1,218.00 ((28 hours x $7.25) x 7 weeks)) [sic]." [ECF No. 10-2, ¶ 8]. The FLSA is clear that liquidated damages should equal the amount of unpaid minimum wages. 29 U.S.C. § 216(b). Based on her affidavit, it appears that Jimenez claims she worked eight hours per day for twenty days without pay. Therefore, liquidated damages should amount to the same as her unpaid minimum wages during that period – $160.00 (20 days x 8 hours per day x $7.25 per hour = $1160; $1160 - $1000.00 in previous payment = $160.00).

Jimenez is **ORDERED** to submit a supplemental affidavit **WITHIN 10 DAYS** clarifying her damages. In the clarification, Jimenez must specifically state the number of hours she contends she worked without pay during that twenty day period and explain

1

if paragraph eight of her affidavit is merely a scrivener's error or, if not, clarify the origin of the components of the equation she used to calculate liquidated damages.

Jimenez also states in her affidavit that she is "seeking an additional amount for retaliation in the amount of $40,000.00 ((salary of $400 per day x 5 days per week) x 20 weeks)." [ECF No. 10-2, ¶ 9]. However, Jimenez stated earlier in the same affidavit that she "usually only works three (3) days per week for a total of 24 hours each work week." [*Id.* at ¶ 4]. Given that retaliation damages are intended to put an employee "in the place she would have been absent the employer's misconduct," *Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928, 934 (11th Cir. 2000), it unclear why Jimenez is entitled to damages for five days per week, instead of only the three days per week she presumably would have worked if she were not terminated. Moreover, this statement of damages conflicts with Jimenez' earlier Statement of Claim, in which she says she is "seeking her post-pay for the time that she is out of work, in an amount of $1,200.00 per week, due to the retaliation of Defendants." [ECF No. 5, p. 2].

Therefore, Jimenez is also **ORDERED** to include in the same supplemental affidavit a clarification containing the estimated number of days per week she would have worked during the relevant twenty weeks if she were not terminated.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, this 8th day of December, 2011.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Donald Graham
All counsel of record